IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wilbert J. Alexander II, a/k/a Wilbert Alexander, ) ) ) Plaintiff, ) ) vs. ) ) South Carolina Department of ) Transportation; Michael Guffee, ) Controller; Kace Smith, CFO; and ) Cynthia Johnson, ) ) Defendants. ) ) | C/A No.: 3:20-4480-TLW-SVH ORDER AND NOTICE |

Wilbert J. Alexander ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against the South Carolina Department of Transportation ("SCDOT"), Michael Guffee ("Guffee"), Kace Smith ("Smith"), and Cynthia Johnson ("Johnson") (collectively "Defendants") seeking damages. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff alleges discrimination, retaliation, hostile work environment, and negligence related to his employment with SCDOT. [ECF No. 1 at 6]. Although Plaintiff devotes a full page to listing various state and federal

statutes, he does not address the elements for any cause of action. *Id.* at 4, 6. Plaintiff also fails to list the basis for the alleged discrimination, retaliation, and hostile work environment. *Id.*

II.   Discussion

    A.   Standard of Review

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.   Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and

affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the

3

light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332; and (2) federal question pursuant to 28 U.S.C. § 1331. The allegations contained in the instant complaint do not fall within the scope of either form of this court's limited jurisdiction.

First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). The court does not have diversity jurisdiction over this case, as Plaintiff's complaint fails to demonstrate complete diversity of citizenship satisfying the requirement of § 1332(a). In fact, it appears from the complaint that multiple named defendants are citizens of South Carolina, as is Plaintiff. [ECF No. 1 at 4–5]. 1

Second, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To the extent Plaintiff is asserting a claim pursuant to Title VII of the Civil Rights Act of 1964, 42

4

U.S.C. § 2000e, et seq. ("Title VII"), he has failed to identify the basis of the alleged discrimination. Additionally, the individual defendants are not subject to liability under Title VII. *See Baird ex rel. Baird v. Rose*, 193 F.3d 462, 472 (4th Cir. 1999) (stating "Title VII does not authorize a remedy against individuals for violations of its provisions"); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511–14 (4th Cir. 1994).

To the extent, Plaintiff is asserting a claim pursuant to 42 U.S.C. § 1983 against the individual defendants, he has not identified any constitutional right that they have allegedly violated or provided sufficient factual information for the court to glean a constitutional violation.

Although Plaintiff has listed various federal statutes, many of the statutes do not provide for private causes of action. Although the undersigned declines to address every listed statute at this juncture, the court reminds Plaintiff that the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 11, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original

complaint and should be complete in itself.[1] *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

January 21, 2021  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

---

[1] Through a separate order, the undersigned has directed the Clerk of Court to provide Plaintiff with a blank employment complaint. The form complaint directs Plaintiff to attach a Right to Sue letter from the Equal Employment Opportunity Commission if one has been received.