IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Wilbert J. Alexander II, | ) | C/A No.: 3:20-4480-TLW-SVH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| South Carolina Department of Transportation; Michael Guffee; Kace Smith; and Cynthia Johnson, | ) | |
| Defendants. | ) | |

Wilbert J. Alexander ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action alleging employment discrimination. This matter is before the court on Plaintiff's recent filings.

I.  Filing of DVDs

Plaintiff has provided the court with three DVDs allegedly containing evidence for his case. The court ordinarily does not accept non-documentary evidence and the Clerk is directed to return Plaintiff's DVDs. The court is unable to access the information on the DVDs. Further, if the parties believe this case constitutes one of the very limited circumstances that non-documentary evidence will be considered by the court, the parties shall file a motion requesting the same, which provides: (1) what evidence is contained in non-documentary form; (2) how such evidence is relevant to a matter before the court; and (3) why it is necessary for the court to view the evidence

at the procedural posture of the case; and (4) the form of the evidence to ensure the court it may be safely and securely viewed by the court. Rarely does the court ever need to view evidence prior to considering summary judgment.

II.   Plaintiff's Most Recent Motion to File an Amended Complaint

Although it is not entirely clear whether the filing docketed as ECF No. 48 was intended to be an attachment to ECF No. 47 or a separate motion, out of an abundance of caution, the court construed it as another motion to file another amended complaint.[1] However, the proposed amended complaint does nothing to clarify Plaintiff's prior pleadings, and in fact, is more confusing than Plaintiff's prior attempts. In addition, it is not clear to the court whether Plaintiff has abandoned his prior requests for the court to consider the proposed amended complaint in ECF Nos. 26 and 34. Plaintiff's June 23, 2021 motion to amend [ECF No. 48] is therefore denied.

Moving Forward

Although the court declines to rule at this time on the motions pending before the court (ECF Nos. 34 and 38), the court finds that it may be helpful to allow Plaintiff one more opportunity to file a motion to amend his

---

[1] Prior to the filing of ECF No. 48, the court was already considering Plaintiff's motion to file a third amended complaint [ECF Nos 26, 34]. Therefore, the nomenclature of the filing as a motion to file a third amended complaint is confusing at best.

2

complaint by July 16, 2021. Plaintiff's proposed amended complaint shall be limited to 25 pages. Plaintiff is reminded that the complaint need not contain every detail of how he believes he was wronged, but should provide sufficient allegations to show the elements of each cause of action.[2] Plaintiff should also be cognizant of the following guidance in submitting a motion to amend.

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8(d), "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A "shotgun pleading" is one that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading" or one in which "it is virtually impossible to know which allegations of fact are intended to support which claims for relief." *SunTrust Mortg., Inc. v. First Residential Mortg. Servs. Corp.*, No. 3:12cv162, 2012 WL 7062086, at *7, 2012 U.S. Dist. LEXIS 185910, at *18–19 (E.D. Va. Sept. 11, 2012). "Not only do pleadings of this sort fail to apprise the opposing party of the particular claims against it (and the potential extent of its liability), they also water down the rights of parties to have valid claims litigated efficiently

---

[2] Plaintiff filing at ECF No. 48 lists several counts of retaliation. The undersigned notes that a cause of action of retaliation under Title VII is one cause of action, as only the employer is liable under Title VII. This is one example of the unnecessary duplication in Plaintiff's proposed amended complaints thus far.

3

and waste scarce judicial resources." *Jackson v. Warning*, No. 15-1233, 2016 WL 7228866, at *4, 2016 U.S. Dist. LEXIS 172589, at *9–10 (D. Md. Dec. 13, 2016) (quotation marks, citations, and alterations omitted); *see also Salami v. JPMorgan Chase Bank, N.A.*, No. 1:18cv794, 2019 WL 2526467, at *3 n.6, 2019 U.S. Dist. LEXIS 102410, at *7 n.6 (M.D.N.C. June 19, 2019) ("Courts disfavor [shotgun pleadings] because their sloppiness selfishly wastes judicial resources, making it harder for other plaintiffs with clearly stated claims to present their grievances to a court."). "Although pro se filings are generally afforded charitable construction, they are not absolved from the requirements of Rule 8," and "[p]ro se Complaints marred by shotgun pleading, which renders impossible any attempt to decipher which allegations of fact are intended to support which claims for relief warrant dismissal." *McCrea v. Fargo*, No. RDB-18-2490, 2019 WL 2513770, at *7, 2019 U.S. Dist. LEXIS 101312 at *18 (D. Md. June 17, 2019) (quotation marks omitted).

In addition, Plaintiff is instructed not to attach any evidentiary documents to his complaint. Courts "generally do not consider extrinsic evidence when evaluating the sufficiency of a complaint" in a Rule 12(b)(6) motion to dismiss. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014). The attachments to the complaint can be "stricken without bothering to read." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (exhibits attached to the complaint are disregarded). These exhibits appear to

be nothing more than evidence in support of the claims alleged in complaint. To consider the exhibits at this point would circumvent the "simple and plain statement requirement" of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

Finally, Plaintiff is further advised that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted).

If Plaintiff adequately complies with the guidance in this order, the pending motions [ECF No. 34, 38] may be rendered moot. However, Defendants will still be entitled to respond to the motion to amend.

IT IS SO ORDERED.

June 25, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge