IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Wilbert J. Alexander, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 3:20-cv-4480-TLW |
| vs. | ) | |
| | ) | |
| South Carolina Department of | ) | |
| Transportation, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Wilbert J. Alexander, II, proceeding *pro se*, brought this action against his former employer, The South Carolina Department of Transportation ("SCDOT"), asserting that SCDOT subjected him to race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). ECF No. 1. This matter now comes before theCourt for review of the Report and Recommendation ("the Report") filed by United States Magistrate Shiva V. Hodges, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). ECF No. 122. The Report recommends that the Court grant SCDOT's motion for summary judgment, ECF No. 111, and deny Plaintiff's motion for summary judgment, ECF No. 116. Plaintiff has filed objections to the Report, ECF No. 127, to which SCDOT has replied, ECF No. 130. Accordingly, this matter is ripe for review.

In her lengthy, well-reasoned Report, the magistrate judge sets forth the factual and procedural background relevant to Plaintiff's claim. *Id.* at 3–19. The

Court will not repeat it all here but will highlight the key facts.[1] Plaintiff was employed by the SCDOT from 2014 until his termination in early 2019. *Id.* at 3. At the time of his termination, he was employed as an accounting fiscal analyst (Level III). *Id.* Plaintiff's dispute with SCDOT began in January 2018 when he submitted a complaint of discrimination regarding his salary. *Id.* In that complaint, Plaintiff asserted that he was paid less than another employee, Stuart Ruelle, who had the same job as Plaintiff. *Id.* The claim was investigated, and a salary study was conducted. *Id.* The study found that, while Ruelle did make $11,586.00 more than Plaintiff, Ruelle also had 14 more years of accounting experience and received a pay increase for taking on supervisory responsibilities. *Id.* In investigating this claim, SCDOT's employee relations manager, Darlene Rikard, met with Plaintiff and discussed this claim and several other allegations of discrimination asserted by Plaintiff. ECF No. 3–4. Rikard then conducted a substantial investigation into these claims. *Id.* at 4–8. Following the investigation, Rikard issued a letter to Plaintiff on April 3, 2018, stating that no evidence was found to substantiate Plaintiff's allegations of discrimination, harassment, or salary inequity. *Id.* at 8.

The Report notes several other disciplinary incidents that occurred in 2018. First, Plaintiff was counseled in April 2018 for failing to secure approval before taking leave and his habitual tardiness. *Id.* The next month, Plaintiff was subject to disciplinary action concerning inappropriate items found in his work folder in SCDOT's accounting departments shared drive. *Id.* at 8–9. Additionally, in December 2018, there were complaints made that Plaintiff and another employee

---

[1] The Court incorporates the magistrate judge's discussion of the factual and procedural history by reference.

got into a verbal altercation. *Id.* at 9.

In January 2019, Plaintiff was provided with a written reprimand for his decision to ignore instructions and disregard a management directive that he should not work passed his assigned working schedule of 9am to 5pm. *Id.* at 10. Later in January, Plaintiff met with Rikard and another human resources official to discuss his issues with both management and complying with deadlines, his belief that he "can do this job in [his] sleep," and his assertion that, despite this belief, he needed more training and was being set up to fail. *Id.* at 10–11. Rikard's report of this interaction notes that Plaintiff became "angry, argumentative, and emotional [.]" *Id.* at 11 (quoting ECF No. 111–4 at 57–58).

The next month, Plaintiff's supervisors began trying to arrange a meeting to address job concerns with a newly hired supervisor. *Id.* at 12. In response, Plaintiff listed his duties and stated that a meeting was unnecessary. *Id.* When one of his supervisors followed up asking about the meeting, Plaintiff informed him that he needed written instructions and guidance on all duties discussed in the meeting. *Id.* The manager then asked Plaintiff why Plaintiff felt he needed more instruction after saying that a meeting was unnecessary. *Id.* Plaintiff, in responding to the inquiry, became increasingly combative, discourteous and insubordinate to the manager. *Id.* at 14. Following this behavior, a decision was made to take official disciplinary action and paperwork outlining Plaintiff's behavior was drafted. *Id.*

On February 27, 2019, Plaintiff met with management to be informed that he was receiving a 5-day suspension. *Id.* at 15. During this meeting, Plaintiff became combative and aggressive. *Id.* He pointed his finger at several individuals and

threatened them that he was "coming for" them with aggressive human resource actions and lawsuits. *Id.* at 16–17. As Plaintiff's behavior escalated, the decision was made to terminate him from his employment. *Id.* at 17.

Thereafter, Plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission and ultimately filed this action on December 29, 2022. ECF No. 1. Following discovery and the dismissal of several of Plaintiff's claims and previously named defendants, SCDOT moved for summary judgment as to Plaintiff's sole remaining claim for Title VII discrimination. ECF No. 111. In response, Plaintiff cross-moved for summary judgment "on the unequal [sic] pay and false statements elements of his discrimination claim only." ECF No. 116 at 1. As noted, the magistrate judge entered a Report recommending that this Court grant SCDOT's motion and denying Plaintiff's motion. ECF No. 122.

The magistrate judge analyzed each of Plaintiff's claims pursuant to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). ECF No. 122 at 19. Under this framework, Plaintiff must show: (1) he is a member of a protected class; (2) he was performing his duties in a satisfactory manner; (3) he was subjected to an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination, such as different treatment for similarly situated individuals outside the protected class. *Id.* at 19–20 (citing *Jones v. Constellation Energy Projects & Servs. Grp., Inc.*, 629 F. App'x 466, 468 (4th Cir. 2015)). If Plaintiff establishes a prima facie case, the burden shifts to SCDOT to produce a legitimate, nondiscriminatory reason for its decision. *Id.* at 20 (citing *Hemphill v.*

*United Parcel Serv., Inc.*, 975 F. Supp. 2d 548, 557 (D.S.C. 2013)).

Once SCDOT meets its burden by producing a legitimate, nondiscriminatory reason, the sole remaining issue is "discrimination vel non." *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). "In other words, the burden shifts back to Plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced is not the true reason, but was pretext for discrimination." *Id.* (citing *Reeves*, 530 U.S. at 143). Throughout the burden-shifting scheme set forth in *McDonnell Douglas*, the ultimate burden of proving SCDOT intentionally discriminated against Plaintiff always remains with Plaintiff. *Id.*

The magistrate judge discerned the following alleged adverse employment actions Plaintiff asserts were based on illegal discrimination: (1) disparate pay, (2) denial of promotions and various employment opportunities, and (3) suspension/termination. *Id.* at 21. In doing so, the magistrate judge concluded that the Report need not address the parties' arguments as to whether Plaintiff has established a prima facie case of discrimination. *Id.* This conclusion was based on the finding that Plaintiff could not meet the established four-part showing required by *McDonnell Douglas'* framework since he could not show that he was performing his duties in a satisfactory manner. *Id.* Yet even if he could establish a prima facie case of discrimination, the Report concludes that Plaintiff has not shown that the reasons provided by SCDOT for any alleged adverse employment action taken against Plaintiff are pretext for illegal discrimination. *Id.* The Court will discuss the magistrate judge's conclusion as it relates to each allegedly adverse employment action.

First, Plaintiff's claim of disparate pay. Plaintiff claims there existed a pay disparity between himself and Ruelle. In response, SCDOT produced the following limited, nondiscriminatory reasons for this disparity, as noted by its salary study: (1) Ruelle had significantly more experience than Plaintiff and (2) Ruelle, unlike Plaintiff, took on a supervisory role. *Id.* at 22. The Report notes that Plaintiff offered no admissible evidence that SCDOT paid Ruelle more than for any reason other than those stated by SCDOT. *Id.* Accordingly, the Report recommends summary judgment as to this claim. *Id.* at 23.

Second, Plaintiff's allegation that he was denied promotions or employment opportunities. As to this claim, the magistrate judge found that Plaintiff "failed to offer any evidence that he was denied promotions or employment opportunities under circumstances that give rise to an inference of unlawful discrimination." *Id.* In support of this, she noted that Plaintiff did not identify what promotions or positions he was allegedly denied. *Id.* at 24. Instead, he simply argued that Ruelle was treated better than him. *Id.* Thus, the magistrate judge concludes SCDOT is entitled to summary judgment on this claim. *Id.*

Finally, Plaintiff's allegations regarding his suspension and termination. The Report notes that Plaintiff asserts that he can establish pretext because of "evidence of SCDOT's inconsistent termination basis." *Id.* at 25 (quoting ECF No. 120 at 1). In reviewing Plaintiff's pretext argument, the Report found that "there is no indication in the record before the court that [SCDOT]'s proffered reasons for Plaintiff's suspension/termination changed over time, were false, or were based on mistakes of fact." *Id.* at 26. Instead, Plaintiff's "increasingly combative, discourteous, and

insubordinate" behavior led to the decision to suspend Plaintiff and his combative behavior during his suspension meeting led to his termination. *Id.* Accordingly, the magistrate judge concluded that Plaintiff could not establish pretext because "there is no indication Plaintiff's employment was terminated for any reason other than perceived insubordination." *Id.* at 27.

After reviewing each of Plaintiff's claims, the magistrate judge concluded that, in sum, "[t]here is no indication in the record that Plaintiff was paid less, was not promoted or provided other job opportunities, or was suspended/dismissed for discriminatory or otherwise illegal reasons nor is there any indication that the reasons provided by [SCDOT] for taking these actions are pretext." *Id.* at 28. She therefore recommends that this Court grant SCDOT's motion for summary judgment and deny Plaintiff's motion for summary judgment. *Id.*

In response to the Report, Plaintiff filed lengthy objections, totaling 111 pages. ECF No. 127. They are entitled "S. Hodges [sic] Incomplete Report and Recommendation," and largely consist of portions of the Report superimposed with various statutes, rules of civil procedure, Plaintiff's arguments and annotations, and other miscellaneous documents, including Plaintiff's own salary analysis, a document discussing what constitutes a "growth mindset," and portions of Ruelle's obituary. *See id.* Liberally construing the arguments asserted in this doctrine, the Court deduces the following objections:

(1) Plaintiff's assertion that the magistrate judge erred in applying the summary judgment standard because "the evidence of the 'non-moving party' 'Plaintiff' (is to be believed)";

(2) His belief that the magistrate judge has acted unethically and illegally

in showing bias to SCDOT by finding against Plaintiff in the Report;

(3) His reference to a new claim under the "Equal Pay Act";

(4) Several ad hominem attacks on Ruelle, the magistrate judge, and other SCDOT employees, and

(5) A litany of "declarations," which Plaintiff asserts refute the Report.

ECF No. 127.

SCDOT has replied to Plaintiff's objections, arguing that they are not "specific objections" sufficient for this Court's review. ECF No. 130.

The Court is charged with reviewing *de novo* any portion of the magistrate judge's Report to which a *specific objection* is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard in *Wallace*, the Court has reviewed, *de novo*, the Report, Plaintiff's objections, SCDOT's response and other relevant filings. The

Court finds that Plaintiff's objections are neither specific nor do they do go to the substance of the Report. Instead, they attack the integrity of the magistrate judge and SCDOT employees. Additionally, Plaintiff simply reasserts the arguments and allegations raised in his case, although these arguments are now supported by unverified, unsupported, general, and conclusory "declarations" in opposition to the Report. These attacks and uncorroborated declarations are not proper objections to the Report. *See United States v. Midgette,* 478 F.3d 616, 622 (4th Cir. 2007) (To constitute a "specific objection" warranting *de novo* review, an objection must be made with "sufficient specificity so as reasonably to alert the district court to the true ground for the objection.").

The Court further concludes that Plaintiff cannot use his objections to assert a new claim under the "Equal Pay Act." Even if he could, the statute Plaintiff cites, "The Act to Establish Pay Equity," is an item of unenacted legislation proposed to The South Carolina General Assembly.[2] ECF No. 130 at 6. Here, it is axiomatic that Plaintiff cannot bring claims under a non-existent, unenacted statute. ECF No. 130 at 5–6.

The Court has also considered Plaintiff's objection that the magistrate judge improperly applied the summary judgment standard. In doing so, the Court has thoroughly reviewed the Report and concludes that the magistrate judge properly applied this standard. Plaintiff asserts that the magistrate judge failed "to believe his evidence" as the non-moving party. These unsupported assertions of a party in its filings, as posited by Plaintiff, are neither facts nor evidence to be believed in

---

[2] *See* https://www.scstatehouse.gov/billsearch.php (last visited June 22, 2023).

3:20-cv-04480-TLW    Date Filed 06/22/23    Entry Number 132    Page 10 of 11

deciding a summary judgment motion. *See* ECF No. 122 at 18 n. 7 ("Plaintiff's filings are not verified, and, therefore, the court does not consider allegations made in Plaintiff's unverified filings as evidence to support or refute the parties' pending motions for summary judgment.").

Finally, the Court notes that Plaintiff's objections do not specifically address the magistrate judge's legal analysis. In the Report, the magistrate judge analyzed Plaintiff's Title VII claims in accordance with the *McDonnell Douglas* framework. In doing so, she found that Plaintiff could not establish the second showing: that he was performing his duties in a satisfactory manner. After all, the record before the Court shows that Plaintiff had received complaints as to the quantity and quality of his work, his interactions with other employees, and his willingness to disobey instructions from his supervisors. *Id.* That said, the magistrate judge addressed Plaintiff's claims on the assumption he had met all four showings required by *McDonnell Douglas.* In doing so, she found that SCDOT was able to establish a legitimate, nondiscriminatory reason for each action and that Plaintiff could not establish pretext. Plaintiff's objections do not contest this conclusion but relitigated the substance of his case, attack his former coworkers, and questions the integrity and impartiality of the magistrate judge. This Court has reviewed the record, the objections, the magistrate judge's legal analysis, and the applicable caselaw. In doing so, Court comes to the same conclusion as the magistrate judge and finds that there is no dispute of material fact that Plaintiff cannot establish his Title VII discrimination claim. Therefore, **IT IS ORDERED** that the Report, ECF No. 122, is **ACCEPTED**, and Plaintiff's objections, ECF No. 127, are **OVERRULED**. For the

Page **10** of 11

reasons stated in the Report, SDOT's motion for summary judgment, ECF No. 111, is **GRANTED**, and Plaintiff's motion for summary judgment, ECF No. 116, is **DENIED.**

 **IT IS SO ORDERED**.


         *s/Terry L. Wooten*
         Senior United States District Judge

June 22, 2023
Columbia, South Carolina